UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDDSAR KHAN, | No. 2:25-cv-01007-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| CITY OF LODI, et al., | |
| Defendants. | |

Plaintiff Muddsar Khan is proceeding pro se, and this matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 3, 2025, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis ("IFP"). ECF Nos. 1 & 3. Plaintiff has submitted the affidavit required by the IFP statute (28 U.S.C. § 1915(a)(1)), and avers he is unable to pay the cost of these proceedings. The motion to proceed IFP (ECF No. 2) is therefore GRANTED.

However, § 1915(e) requires a court to screen the complaint and provides that a court "shall dismiss" an action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Court has conducted a preliminary review of the complaint, and it appears that Plaintiff is attempting to assert largely the same claims that he has pursued in two prior federal lawsuits. Additionally, it appears that the claims currently asserted are barred by the applicable statute of limitations. Accordingly, the Court hereby sua sponte directs the Plaintiff to show

1

cause why the Court should not recommend that the action be dismissed as barred by the applicable statute of limitations and/or precluded by the doctrine of res judicata.

### I.     Plaintiff's Prior Actions

Plaintiff has filed two prior actions against the City of Lodi ("City") and/or City police officers that appear to raise the same or similar allegations.

**A. Khan v. Hitchcock, et al., 2:17-cv-02169-MCE-AC** – In this action, Plaintiff named as defendants City and Officers Hitchcock and Woods.  The complaint was amended several times, with the operative complaint being the Fourth Amended Complaint (FAC).  ECF No. 57.  The FAC alleged that Plaintiff was wrongfully accused of being involved in a robbery in 2015, and that Defendant Hitchcock conducted a photo lineup that "intentionally, negligently, and erroneously" identified Plaintiff.  ECF No. 57 at ¶ 16.  Plaintiff also alleged Defendants put erroneous information about his alleged criminal activity on the City's Facebook page.  *Id.* at ¶ 34. Plaintiff states he spent $60,000 defending himself from the criminal charges and the criminal case against him was dismissed in March 2018.  *Id.* at ¶ 36.  Defendants moved to dismiss, and nine of ten counts were dismissed, leaving only a § 1983 claim for false arrest to proceed.  ECF No. 68.  The parties then agreed to a stipulated dismissal with prejudice.  ECF No. 70.

**B. Khan v. City of Lodi, et al., 2:22-cv-00263-TLN-AC** – In this case, Plaintiff named as defendants City, Officers Hitchcock and Woods, and Yasir Kahn.  Yasir was alleged to be a person who posted on the City's Police Department's Facebook page.  ECF No. 1 at ¶ 5.  Plaintiff alleged that a photo of himself was uploaded to the police department's Facebook page and a description of the alleged crime.  He claimed that as a result, he was physically attacked on January 10, 2021.  Plaintiff alleged that Yasir called him a child molester and physically attacked him while he was shopping at a Costco in Stockton.  ECF No. 1 at ¶ 14.  Plaintiff asserted claims under § 1983, § 1985, the Bane Act, and claims for invasion of privacy and infliction of emotional distress.  The action was dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m), after Plaintiff failed to respond to an order to show cause.

////

////

## II. The Complaint

Plaintiff's current complaint names the same four defendants as the 2022 action. Plaintiff again alleges that his photo and a description of an alleged crime were posted on the City's police department Facebook page. ECF No. 1 at ¶¶ 12-13. Plaintiff alleges that the information about him has been on the Facebook page since January 2016. *Id.* at ¶ 16. Plaintiff alleges that as a result of his information being on the Facebook page he was assaulted by Defendant Yasir Khan at a Costco in Stockton in January 2021. *Id.* at ¶¶ 14-16. Plaintiff states he filed a "government claim" against the City in July 2021, and it was rejected in August 2021. *Id.* at ¶ 17. Plaintiff asserts the same five causes of action that he asserted in the 2022 case.

## III. Res Judicata and Statute of Limitations

A. <u>Res Judicata</u> - The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). When the doctrine applies, it "'bar(s) all grounds for recovery which could have been asserted, whether they were or not in a prior suit between the same parties …" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). In addressing whether res judicata applies, the court evaluates whether the claims asserted "arise out of the same transactional nucleus of facts" as the prior action. *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).

In the 2017 action, Plaintiff sued the City, Hitchcock, and Woods (all of whom are Defendants herein) and alleged that he was falsely accused of criminal activity and that information was put on the City's Facebook page. That action resulted in a stipulated dismissal with prejudice. A stipulated dismissal with prejudice is an adjudication on the merits. *See Headwaters v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("We have held that a stipulated dismissal of an action

with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court.").

The 2022 action involved additional allegations of an assault in 2021, and included a new defendant, Yasir Khan. That case was not adjudicated on the merits because it was dismissed for failure to effect service under Rule 4(m), and such dismissal is "without prejudice." It therefore appears that the claims against City, Hitchcock, and Woods would be barred by the doctrine of res judicata based on the 2017 action, but that the claims against Yasir Khan would not be. Plaintiff will be given the opportunity to show cause why claim preclusion/res judicata should not apply.

B. <u>Statute of Limitations</u> – To the extent Plaintiff's claims are not precluded, they appear to be time-barred. "All § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). In California, the statute of limitations for a § 1983 action is two years. *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Plaintiff alleges his information has been on the website since 2016. Plaintiff alleges that he was assaulted in January 2021. Plaintiff did not file this action until more than four years later.

Plaintiff has also asserted state law claims. "Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims." *Soliman v. CVS RX Serv., Inc.*, 570 F.App'x 710, 711 (9th Cir. 2014) citing Cal.Civ.Proc.Code § 335.1. Plaintiff also asserts a claim under the Bane Act. Bane Act claims are subject to a two- or three-year statute of limitation depending on the nature of the allegations. *Swadener v. California*, 2025 WL 1095377 (S.D. Cal. March 3, 2025). If the claim arises from neglect or personal injury, it is two years, and if the claim arises from statute it is three years. *Id*. at *3. It appears, from the face of the complaint, that Plaintiff's federal and state law claims are time-barred. Plaintiff has not alleged an exception to the statute of limitation or that tolling applies.

Good cause appearing, IT IS HEREBY ORDERED that **Plaintiff shall show cause, in writing, within 21 days of the date of this Order**, why the Court should not recommend dismissal based on the statute of limitations and claim preclusion. Plaintiff shall file a brief, not

////

////

4

to exceed 10 pages, addressing the issues raised herein. If Plaintiff fails to respond, the court will recommend dismissal of this case.

SO ORDERED.

DATED: April 30, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE