UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDDSAR KHAN, | No. 2:25-cv-01007-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CITY OF LODI, et al., | |
| Defendants. | |

Plaintiff Muddsar Khan is proceeding pro se in this matter, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 3, 2025, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis ("IFP"). ECF Nos. 1 & 3. Plaintiff complains of allegedly false law enforcement investigations against him beginning in 2015 and consequent harms. At least some of Plaintiff's complaints were the subject of earlier lawsuits Plaintiff filed in this District. The Court granted Plaintiff leave to proceed IFP and issued an Order to Show Cause ("OSC") why the Court should not recommend that the action be dismissed as barred by the applicable statute of limitations and/or precluded by the doctrine of res judicata. ECF No. 3. Plaintiff filed a response (ECF No. 4), which the Court has considered. The Court now recommends that this action be dismissed.

////

1

### I. Plaintiff's Response to the OSC

Plaintiff's response is a brief few sentences accompanied by two pages of attachments. ECF No. 4. Plaintiff does not address the res judicata issue raised by the Court, but instead only addresses the statute of limitations ("SOL"). On the SOL issue, Plaintiff argues that it should be tolled because he was incarcerated in Arizona from February 24, 2022 to December 5, 2024, and was not allowed to return to the State of California until March 5, 2025. ECF No. 4. The supporting attachments are offered to show that Plaintiff was incarcerated. Although the attachments are somewhat lacking in detail and not authenticated, the Court will credit for purposes of the analysis below the assertion that Plaintiff was in fact incarcerated in Arizona from February 2022 to December 2024.

### II. Plaintiff's Prior Actions

Plaintiff filed two prior actions against the City of Lodi ("Lodi") and/or Lodi police officers that raise the same or similar allegations to the allegations in the instant action.

**A. Khan v. Hitchcock, et al., 2:17-cv-02169-MCE-AC.** Plaintiff named as defendants Lodi and Officers Hitchcock and Woods. Plaintiff amended the complaint several times, with the operative pleading being the Fourth Amended Complaint (FAC). ECF No. 57. The FAC alleged that Plaintiff was wrongfully accused of being involved in a robbery in 2015, and that defendant Hitchcock conducted a photo lineup that "intentionally, negligently, and erroneously" identified Plaintiff. ECF No. 57 at ¶ 16. Plaintiff also alleged the defendants put erroneous information about his alleged criminal activity on the Lodi's Facebook page. *Id.* at ¶ 34. Plaintiff states he spent $60,000 defending himself from the criminal charges and the criminal case against him was dismissed in March 2018. *Id.* at ¶ 36. On the defendants' motion to dismiss, the Court dismissed nine of ten counts, leaving only a § 1983 claim for false arrest to proceed. ECF No. 68. The parties then agreed to a stipulated dismissal with prejudice. ECF No. 70.

////

////

////

**B.     Khan v. City of Lodi, et al., 2:22-cv-00263-TLN-AC.** Plaintiff named as defendants Lodi, Officers Hitchcock and Woods, and Yasir Khan ("Yasir").[1] Yasir was alleged to be a person who posted on the Lodi Police Department's Facebook page. ECF No. 1 at ¶ 5. Plaintiff alleged that a photo of himself was uploaded to that Facebook page, along with a description of the alleged crime. He claimed that as a result, he was physically attacked on January 10, 2021. Plaintiff alleged that Yasir called him a child molester and physically attacked him while he was shopping at a Costco in Stockton. ECF No. 1 at ¶ 14. Plaintiff asserted five claims: 1) Section 1983; 2) Section 1985; 3) Bane Act; 4) invasion of privacy; and 5) infliction of emotional distress. The Court dismissed the action for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m), after Plaintiff failed to respond to an order to show cause.

### III.    The Complaint

Plaintiff's current complaint names the same four defendants as the 2022 action. Plaintiff again alleges that his photo and a description of an alleged crime were posted the Lodi Police Department's Facebook page. ECF No. 1 at ¶¶ 12-13. Plaintiff alleges that the information about him has been on the Facebook page since January 2016. *Id.* at ¶ 16. Plaintiff alleges that as a result of his information being on the Facebook page, Defendant Yasir assaulted him at a Costco in Stockton in January 2021. *Id.* at ¶¶ 14-16. Plaintiff states he filed a "government claim" against Lodi in July 2021, and it was rejected in August 2021. *Id.* at ¶ 17. Plaintiff asserts the same five causes of action that he asserted in the 2022 case.

### IV.    Res Judicata and Statute of Limitations

#### A. Res Judicata

The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or those in privity with them based on the same cause of action. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Also known as claim preclusion, res judicata applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found.*

---

[1] The Court will refer to Defendant's first name for sake of clarity, as both Plaintiff and this Defendant have the last name Khan.

3

*Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320 (9th Cir. 1992). In determining whether res judicata applies at an early stage of a case, a court evaluates the claims in the two cases "arise out of the same transactional nucleus of facts." *Id.* A court may sua sponte dismiss an action based on res judicata, even though the doctrine is normally raised as an affirmative defense. *See Arizona v. California*, 530 U.S. 392, 412 (2000).

In the 2017 action, Plaintiff sued Lodi, Hitchcock, and Woods (all of whom are Defendants in the instant action), complaining that he was falsely accused of criminal activity and that information concerning the accusation was put on Lodi's Facebook page. That action resulted in a stipulated dismissal with prejudice. A stipulated dismissal with prejudice is an adjudication on the merits. *See Headwaters v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("We have held that a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court.").

The 2022 action involved additional allegations of an assault in 2021, and included a new defendant, Yasir. In contrast to the 2017 action, the 2022 action was not adjudicated on the merits because it was dismissed for failure to effect service under Rule 4(m). That dismissal was "without prejudice."

Plaintiff offered no response to the res judicata issue, which the Court identified in the OSC. The claims against Lodi, Hitchcock, and Woods are barred by the doctrine of res judicata based on the 2017 action. However, the claims against Yasir are not. Yasir was not a party to the 2017 action, and the claims against Yasir concern an alleged assault in January of 2021. The Court recommends that the claims against the Lodi, Hitchcock, and Woods be dismissed on the basis of res judicata.

**B. Statute of Limitations**

"All § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022). In California, the statute of limitations for a

§ 1983 action is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Plaintiff's claim under § 1985 is also subject to a two-year statute of limitations. *See Woods v. Storms*, 793 F.App'x 542, 543-44 (9th Cir. 2020). Plaintiff also asserts state law claims. "Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims." *Soliman v. CVS RX Serv., Inc.*, 570 F.App'x 710, 711 (9th Cir. 2014), citing Cal.Civ.Proc.Code § 335.1. Plaintiff's Bane Act claim is subject to a two- or three-year statute of limitation depending on the nature of the allegations. *See Swadener v. California*, 2025 WL 1095377 (S.D. Cal. March 3, 2025). If the claim arises from neglect or personal injury, it is two years, and if the claim arises from statute it is three years. *Id*. at *3.

Plaintiff alleges his information has been on Lodi's Facebook page since 2016. Plaintiff alleges that Yasir assaulted him in January 2021. Plaintiff did not file this action until more than four years later, on April 3, 2025. From the face of the complaint, Plaintiff's federal and state law claims are time-barred.

Plaintiff contends that he was incarcerated from February 2022 to December 2024, and argues the SOL should be tolled during that time. "For a prisoner incarcerated for a term of less than life, section 352.1 of the California Civil Procedure Code tolls the statute of limitations for two years." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Plaintiff could potentially receive up to two years of tolling for being incarcerated, if § 352.1 applies. Plaintiff alleges he was assaulted by Yasir on January 10, 2021. Even if the SOL were tolled for two years while Plaintiff was incarcerated, this action needed to be filed by January 10, 2025. Plaintiff did not file this action until nearly three months later, on April 3, 2025.

Plaintiff has not argued for additional equitable tolling. However, any hypothetical argument in favor of equitable tolling would be undercut by the fact that he did timely file suit against Yasir, in the February 2022 action. In that action, Plaintiff was represented by counsel. Under those circumstances, the undersigned cannot conceive of a plausible argument Plaintiff might make for equitable tolling.

Plaintiff's federal claims under § 1983 and § 1985 are thus time-barred. Plaintiff's three state law claims against Yasir are likely time-barred as well. However, certain Bane Act claims

are subject to a three-year SOL. If tolling under § 352.1 applied, a statutory-based Bane Act claim could conceivably be timely. But the Court need not resolve that issue. Because Plaintiff's federal claims are certainly time barred, there is no anchoring federal claim in this lawsuit.[2] And the undersigned would recommend declining supplemental jurisdiction over the state law claims. "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007), citing 28 U.S.C. § 1367(c)(3). The undersigned recommends that the federal claims be dismissed on the basis of res judicata and statute of limitations and that the Court decline supplemental jurisdiction over the state law claims against Yasir.

V.   **Leave to Amend**

The Court has considered whether Plaintiff should be allowed leaved to amend. A pro se litigant should generally be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Given the nature of the defects in the Complaint and Plaintiff's response to the OSC, leave to amend would be futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. The claims against Defendants City of Lodi, Hitchcock, and Woods be dismissed on the basis of res judicata and statute of limitations; and

---

[2] In addition to being time-barred, Plaintiff fails to state a federal claim against Yasir because Yasir is not alleged to be a state actor. A plaintiff alleging a claim under § 1983 must plead that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Defendant Yasir is alleged to be an individual who liked a post on Lodi Police Department's website, and who attacked Plaintiff while Plaintiff was shopping at Costco in January 2021. ECF No. 1 at ¶14. Although Plaintiff does make some conclusory allegations of conspiracy, conclusory allegations are insufficient. *See Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("conclusory allegations that the lawyer was conspiring with state officers" were insufficient to establish lawyer in private practice was acting under color of state law). The complaint does not allege sufficient facts to show Yasir was a state actor.

2. The federal claims against Defendant Yasir Khan be dismissed on the basis of the statute of limitations and for failure to state a claim;

3. The Court decline supplemental jurisdiction over the state law claims and dismiss the complaint without leave to amend; and

4. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: June 10, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE